# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LEO A. CICCOLO, JR.,
    Appellant,

   v.

OFFICE OF PERSONNEL
  MANAGEMENT,
    Agency.

DOCKET NUMBER
PH-0843-14-0540-I-1

DATE: April 2, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Leo A. Ciccolo, Jr.</u>, Malden, Massachusetts, pro se.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision denying his request to elect survivor annuity benefits for his current spouse. Generally, we grant petitions such as this one only when: the initial decision

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant retired, effective February 28, 2006, from federal service under the Federal Employees' Retirement System (FERS).  Initial Appeal File (IAF), Tab 4, Subtab 5 at 2.  At the time of his retirement, the appellant was unmarried and, on his retirement application, he elected an annuity payable only during his lifetime.  *Id.*  According to the appellant, he married his current spouse on September 2, 2008.  *Id.* at 1.  The evidence provided by OPM reflects that, in December 2008 and December 2009, it sent notices to the appellant informing him that if he married subsequent to his retirement he had 2 years from the date of his marriage to elect a survivor annuity for his new spouse.  *Id.* at 8, 11, 13. Nearly 5 years after the marriage, on May 17, 2013, the appellant requested waiver of the filing deadline to elect a survivor annuity, asserting that he applied for health insurance for his spouse subsequent to the marriage but was not aware that he also needed to elect survivor annuity benefits in order for her to continue to receive health insurance benefits if he predeceased her.  *Id.* at 1.  OPM denied

the appellant's waiver request and his request for reconsideration.  IAF, Tab 4, Subtabs 2, 4.

¶3        The appellant filed a timely appeal with the Board.  IAF, Tab 1.  After holding a hearing, the administrative judge affirmed OPM's reconsideration decision, finding that the appellant did not make a timely election of survivor annuity benefits and that there was no basis to waive the statutory deadline.  IAF, Tab 10, Initial Decision (ID).  The appellant has petitioned for review, and OPM has responded in opposition.  Petition for Review (PFR) File, Tabs 1, 4.

¶4        The applicable statute and regulations provide that, when a federal annuitant is unmarried at the time of his retirement under FERS but marries after retirement, he may elect to provide a survivor annuity for his spouse within 2 years after his marriage.  5 U.S.C. § 8416(c)(1); 5 C.F.R. § 842.612.  In the instant case, it is undisputed that the appellant did not elect a survivor annuity for his spouse before the end of the 2-year deadline.  *See* IAF, Tab 4, Subtabs 4-6.  It is also undisputed that the appellant received the required annual notices sent to all annuitants by OPM informing him of his right to make an election for a survivor annuity within the statutory 2-year deadline under FERS.  *Id.*, Subtab 5 at 8, 11, 13.  However, the appellant requests waiver of the filing deadline on the ground that OPM did not timely inform him that, in order for his spouse to continue to receive health insurance benefits after his death, he must have elected a survivor annuity for her within 2 years of the marriage.  *See* PFR File, Tab 1.

¶5        The Board has recognized three bases for waiving a filing deadline prescribed by statute or regulation:  (1) the statute or regulation may provide for a waiver under specified circumstances; (2) an agency's affirmative misconduct may preclude enforcement of the deadline under the doctrine of equitable estoppel; and (3) an agency's failure to provide a notice of rights and the applicable filing deadline, where such notice is required by statute or regulation, may warrant a waiver of the deadline.  *Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 7 (2010).  Under the FERS statutes and

regulations, however, there is no allowance for waiver under the circumstances present here, nor is there any requirement that OPM provide notice to FERS annuitants concerning health care benefits rights for surviving spouses. *See Larson v. Office of Personnel Management*, 93 M.S.P.R. 433, ¶¶ 3, 8 (2003); *see also* 5 U.S.C. chapter 84. Further, the appellant does not allege, and the record does not show, that OPM misled him into believing that his spouse's health care benefits would continue after his death without making a survivor annuity election. *See* PFR File, Tab 1; *see also* IAF, Tab 4. While we are sympathetic to the appellant's situation, it is well established that the government cannot be estopped from denying benefits not otherwise permitted by law even if the denial of benefits may seem unfair to the individual. *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990). Thus, as correctly determined by the administrative judge, the appellant has failed to establish any basis for waiver of the 2-year filing deadline under 5 U.S.C. § 8416(c)(1). *See* ID at 3.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.